Hon. Lawrence P. George Corporation Counsel, Utica
You have asked whether a county that decides to participate in off-track betting through a regional off-track betting corporation may enact a local law that provides that the county will distribute a portion of the revenues received from the corporation to municipalities within the county according to a stated formula. You suggest a formula under which a stated maximum of quarterly revenues would remain with the county and the balance would be distributed in part to those municipalities that have off-track betting parlors and in part to all municipalities in direct proportion to each municipality's ratio of the county's general purpose tax levy.
Under the regional Off-Track Betting Corporation Law (L 1973, ch 346; McKinney's Unconsolidated Law, Article VII-A, §§ 8111, et seq.), the regional corporation is required each calendar quarter to distribute net revenues to each participating county. Fifty percent of the distribution is to be calculated in proportion to the wagers during the quarter in that county's betting parlors; 50% is distributed in proportion to the county's population. Thus, the net revenue goes to and belongs to the county (§ 8127). Under normal circumstances, the money received would be deposited in the county's general fund.
You suggest that, since the money received is "property", the county under its power to enact local laws relating to its property, affairs or government (Municipal Home Rule Law, § 10 [1] [i]), by local law should be able to direct the appropriate county officer to distribute the money to the municipalities outside the appropriation process. The difficulty is that such a local law would be inconsistent with Article 7, Finance, of the County Law. Section 376 of that article provides that no local law or resolution may be "inconsistent with the mandatory provision [sic] of this article or the optional provisions thereof where made applicable".
Section 355 of that article specifies in detail what must be included in the tentative budget to be submitted to the county legislative body. Among other requirements, the tentative budget must contain a "statement of the estimated amount of revenues during the ensuing fiscal year" other than proceeds from the real property tax to be levied (subd 1 [g]). This would include estimated OTB revenues. The tentative budget must also contain a "statement of the several amounts recommended as necessary to be appropriated for conducting the business of the county and for other purposes contemplated by [the County Law] and otherwise by law for the ensuing fiscal year" (subd 1 [a]). If distributing some of the OTB revenues in the manner you suggest is permissible, the distribution would have to be spelled out as amounts "necessary to be appropriated".
We think that your suggested formula for distribution would be part of "conducting the business of the county". A regional off-track betting corporation is a "body corporate and politic constituting a public benefit corporation" (§ 8113). The public to be benefited is the public of the participating counties; the business of the corporation is the generation of revenues to be distributed to the benefited counties. The business is conducted within a county through betting parlors that are located in one or more political subdivisions of the county. Fifty percent of the distributed net revenue is based on the gross revenue generated by those betting parlors. Your suggestion that some portion of the net revenue distributed to your county should be distributed to those political subdivisions that generated the gross income appears to us to be an acceptable appropriation for "conducting the business of the county", which, in this situation, is the generation of that revenue. (We note that the other part of your suggested formula is, in effect, an accounting "wash". Since each municipality would receive a distribution in proportion to its contribution to the general purpose tax levy, the municipality would receive an amount equal to the amount that would not
have been levied if the distributed revenue had been added to the estimated revenues to be placed in the general fund. All that the formula does is highlight the fact that all municipalities are sharing directly in off-track betting revenues.)
Although we believe that a local law bypassing the appropriation process is not authorized, we believe it would be appropriate to enact a local law that instructs the proper county officer to include in the annual budget an appropriation to municipalities of the amount estimated to be received from the regional corporation, less the amount to be left in the general fund. (We note that there would always be a one-quarter lag in distribution — that is, the first distribution in a fiscal year would be the net revenues from the corporation's final quarter operation in the preceding fiscal year.) Such a local law would be an expression of the county's finding that a distribution of some OTB revenue to the municipalities that generate it is a proper way to conduct the county's business.
We conclude that a county participating in the operation of a regional off-track betting corporation may provide that some of the revenue received by the county be distributed in part to municipalities in which betting parlors are located and in part to all municipalities within the county.